13-4395-cv
Woodmancy v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand fourteen.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           DENNY CHIN,
                   *Circuit Judges*.

-----------------------------------------------------------------------
BARBARA LYNNE WOODMANCY,
                   *Plaintiff-Appellant*,

              v.                                        No. 13-4395-cv

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, in place of Michael Astrue,
                   *Defendant-Appellee*.
-----------------------------------------------------------------------

FOR APPELLANT:             Jaya A. Shurtliff, Stanley Law Offices, Syracuse, New York.

FOR APPELLEE:              Sandra M. Grossfeld, Special Assistant United States Attorney, Stephen P. Conte, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, New York, New York, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 9, 2013, is AFFIRMED.

Plaintiff Barbara Lynne Woodmancy challenges the district court's affirmance of the Commissioner of Social Security's denial of her application for disability benefits. We review the administrative record <u>de novo</u>, but we will set aside the agency decision "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." <u>Burgess v. Astrue</u>, 537 F.3d 117, 127 (2d Cir. 2008) (citation and internal quotation marks omitted). We have defined "substantial evidence" as more than a "mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Selian v. Astrue</u>, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alteration omitted). A lack of supporting evidence on a matter where the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits. <u>See</u> <u>Talavera v. Astrue</u>, 697 F.3d 145, 153 (2d Cir. 2012). In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.   <u>Consideration of All Severe Impairments</u>

Woodmancy contends that Administrative Law Judge ("ALJ") Elizabeth W. Koennecke erred at step two of the disability analysis, <u>see</u> 20 C.F.R. § 404.1520(a)(4)(ii), in finding that between June 15, 2009, and January 27, 2011, the period at issue,

Woodmancy was severely impaired by substance abuse, depression, and facet anthropathy, but not by anemia, sleep apnea, and chronic pancreatitis. A claimant has the burden of establishing that she has a "severe impairment," which is "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work." 20 C.F.R. § 416.920(c); see Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003). Woodmancy argues that her anemia, sleep apnea, and chronic pancreatitis were severe impairments because they required ongoing treatment and caused her functional limitations, pain, and fatigue. For the reasons set forth in the district court's thorough opinion, see Woodmancy v. Colvin, No. 5:12-CV-991 GLS, 2013 WL 5567553, at *2 (N.D.N.Y. Oct. 9, 2013), we conclude that substantial evidence supports the agency determination that Woodmancy did not carry her burden of demonstrating that these conditions were severe impairments.[1] Nor are we persuaded that there is any unwarranted inconsistency between the ALJ's determination that these conditions did not cause serious impairment while substance abuse did. While these conditions may all have required ongoing treatment, substantial record evidence indicated that Woodmancy either failed to pursue or to benefit from treatment for substance abuse but did benefit from treatment for the other conditions in ways that minimized their impairing effect. See Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983) (holding condition was not severe impairment where it improved from treatment).

---

[1] In any event, we identify no error warranting remand because the ALJ did identify severe impairments at step two, so Woodmancy's claim proceeded through the sequential evaluation process, in which all of Woodmancy's ailments were part of the analysis.

2.      Residual Functional Capacity

Woodmancy argues that the ALJ's residual functional capacity ("RFC") [2] determination following step three of the disability analysis was not supported by substantial evidence in light of the 2010 opinions of treating physician Buchan and nurse practitioner Nemitz that Woodmancy was disabled from performing even sedentary work during the relevant period.   Woodmancy further contends that the ALJ failed to factor into the RFC determination her alleged inability to cope with work stress.

"[W]hile a treating physician's retrospective diagnosis is not conclusive, it is entitled to controlling weight unless it is contradicted by other medical evidence or overwhelmingly compelling non-medical evidence."  Byam v. Barnhart, 336 F.3d 172, 183 (2d Cir. 2003) (citations and internal quotation marks omitted); see Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996) ("A treating physician's retrospective medical assessment of a patient may be probative when based upon clinically acceptable diagnostic techniques."). If the ALJ chooses not to afford such an opinion controlling weight, then the ALJ must consider the following factors in deciding what weight to assign the opinion: (1) examining relationship;  (2) treatment  relationship,  including  its  length,  nature  and  extent; (3) supportability with medical evidence; (4) consistency with the record as a whole;

---

[2] A claimant's RFC "is the most [she] can still do despite [her] limitations."   20 C.F.R. § 416.945(a)(1).   In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain.   Id. § 416.945(a)(3).   This court must affirm an ALJ's RFC determination when it is supported by substantial evidence in the record.   See 42 U.S.C. § 405(g); Perez v. Charter, 77 F.3d 41, 46 (2d Cir. 1996).

4

(5) specialization of the examiner; and (6) any other relevant factors. See 20 C.F.R. § 404.1527(c)(1)–(6).

Here, the ALJ acted within her discretion in according the Buchan/Nemitz opinions little weight because record evidence of unremarkable clinical findings contradicted or failed to support the limitations conclusions in these opinions. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (stating that treating physician's opinion is not controlling when contradicted by "other substantial evidence in the record"). As for Woodmancy's alleged inability to cope with work stress, Buchan and Nemitz did not treat this condition. In any event, the ALJ reasonably relied on consultative psychologist Dr. Barry who, after examination, opined that Woodmancy could perform basic work tasks despite her complaints of stressors. Largely for the reasons identified by the district court, see Woodmancy v. Colvin, 2013 WL 5567553, at *3–4, substantial evidence supports the agency's RFC assessment.[3]

### 3. Failure to Use Vocational Expert

Finally, Woodmancy argues that the ALJ erred by not obtaining the opinion of a vocational expert in determining whether there were jobs in the national economy that Woodmancy could perform. "If a claimant has nonexertional limitations that 'significantly limit the range of work permitted by his exertional limitations,' the ALJ is required to consult with a vocational expert." Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir.

---

[3] Insofar as Woodmancy alleges inconsistency in the ALJ's findings classifying Woodmancy's restrictions in activities of daily living as both "mild" and "moderate," we identify no error warranting remand, as the ALJ's RFC determination was supported by substantial evidence.

2010) (quoting Bapp v. Bowen, 802 F.2d 601, 605 (2d Cir. 1986)). A nonexertional impairment will "significantly limit" a claimant's range of work "when it causes an additional loss of work capacity beyond a negligible one, or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." Id. at 411 (internal quotation marks and alteration omitted). If, however, a claimant does not have such limitations, the ALJ may rely on the medical vocational guidelines (the "grids") to adjudicate the claim. See 20 C.F.R. pt. 404, subpt. P, app. 2; id. § 416.969; cf. Rosa v. Callahan, 168 F.3d 72, 78 (2d Cir. 1999) (observing that where individual seeking disability benefits suffers only from exertional impairments, "Commissioner meets [her] burden at the fifth step by resorting to . . . the grids").

The ALJ concluded that Woodmancy did not have significant nonexertional limitations and therefore relied on the grids to adjudicate her claim without soliciting the testimony of a vocational expert. In urging error, Woodmancy argues that the ALJ's finding that Woodmancy's depression was a "severe impairment" manifested a nonexertional limitation requiring consultation with a vocational expert. To the contrary, the ALJ found that although Woodmancy suffered from depression, she "retain[ed] the ability (on a sustained basis) to understand, carry out, and remember simple instructions[,] . . . respond appropriately to supervision, coworkers, and usual work situations and to deal with changes in a routine work setting." J.A. 16, 19–20. This determination was supported by substantial evidence in the record, specifically, the opinions of Dr. Barry and the State consultant that despite Woodmancy's depression, she could perform unskilled remunerative work. Accordingly, because there is substantial evidence that

6

Woodmancy's nonexertional impairments did not "significantly limit the range of work permitted by [her] exertional limitations," the ALJ was not required to consult a vocational expert. Zabala v. Astrue, 595 F.3d at 410–11.

4.    Conclusion

We have considered Woodmancy's remaining arguments and conclude that they are without merit.   Therefore, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court